```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

NAITRAM PERSAUD,

                Petitioner,

  -vs-                            **No. 10-CV-6506(MAT)**
                                  **DECISION AND ORDER**
ERIC H. HOLDER, Attorney General of
the United States; MICHAEL PHILIPS,
Field Office Director for Detention
and Removal, Buffalo Field Office,
Bureau of Immigration and Customs
Enforcement, Department of Homeland
Security; and MARTIN HERON,
Facility Director, Buffalo Federal
Detention Facility,

                Respondents.

**I. Introduction**

Pro se petitioner Naitram Persaud ("Persaud" or "Petitioner") is an alien under a final order of removal. He seeks release from continued detention in the custody of the Department of Homeland Security, Immigration and Customs Enforcement (collectively hereinafter, "DHS") by means of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**II. Factual Background and Procedural History**

Persaud, a native and citizen of Guyana, entered the United States at Buffalo, New York, on December 8, 1992. He was classified as a B-2 nonimmigrant visitor who had falsely misrepresented himself in order to gain entry into the United States.

On March 3, 1995, Persaud was placed in immigration removal proceedings and charged with being removable from the United States as an alien who is present in the United States and who sought to procure or who has procured a visa, other documentation, or entry into the United States, or other benefit under the Immigration and Nationality Act ("INA"), by fraud or by willfully misrepresenting a material fact. See INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i),

On April 7, 1995, an immigration judge ("IJ") issued an order finding Persaud inadmissible to the United States because he had fraudulently procured entry to this country. The IJ offered him the option to voluntarily depart the United States, directing that the order deportation become effective if Persaud failed to depart on his own volition.

The Board of Immigration Appeals ("BIA") dismissed Persaud's appeal of the IJ's order and required Persaud to depart from the United States on or before April 29, 1996. Persaud failed to comply with this directive, and he also failed to surrender for deportation after being ordered to do so in January 2008.

When Persaud was arrested by the DHS New York Fugitive Operations Team in Central Islip, New York, pursuant to a warrant of removal on December 17, 2009, he had been a fugitive for more than thirteen years. e was placed in DHS custody and is currently being held at the Federal Detention Facility in Batavia, New York.

On February 3, 2010, the Embassy of Guyana ("the Embassy") issued a travel document for Persaud at DHS's request, and DHS made travel arrangements for Persaud's deportation. Also on February 3, 2010, Persaud filed a motion to have the BIA reopen his immigration removal proceedings and requested a stay of removal.

After the BIA denied Persaud's request for stay of removal on March 11, 2010, Persaud filed a petition for review accompanied by a motion for stay of removal in the United States Court of Appeals for the Second Circuit. See Persaud v. United States Att'y Gen'l, 2d Cir. Docket No. 10-888-ag. Persaud's filing of the petition for review and motion for stay of removal triggered the "forbearance policy", on an agreement between DHS and the Second Circuit that DHS will not effectuate removal of an alien while he or she has a petition for review pending before the Second Circuit. Because of the informal stay-of-removal, DHS cancelled Persaud's travel plans.

In accordance with immigration regulations, DHS reviewed Persaud's custody status in March 2010, and on March 23, Persaud was notified of DHS's decision to continue his detention because he is a likely flight risk.

On May 11, 2010, the Second Circuit dismissed Persaud's petition for review. On May 20, 2010, after the BIA denied his motion to reopen, Persaud filed another petition for review with a request for stay of removal in the Second Circuit. See Persaud v. Holder, 2d Cir. Docket No. 10-1963-ag. Persaud's filing of this

petition for review again caused the forbearance policy to go into effect. On September 24, 2010, the Second Circuit Court granted Persaud's motion for a stay of removal, and a formal judicial stay of removal was entered.

On or about September 7, 2010, Persaud instituted this habeas proceeding. Persaud's second petition for review was dismissed by the Second Circuit on September 30, 2011, and the stay was vacated. Accordingly, there presently are no impediments to DHS making travel arrangements for Persaud.

For the reasons that follow, the petition is dismissed without prejudice.

### III. Discussion

The apprehension and detention of aliens, pending removal decisions are governed by INA § 236, codified at 8 U.S.C. § 1226. Accordingly, Persaud's detention at the time he filed his habeas petition was based on 8 U.S.C. § 1226(c). The Supreme Court has held that detention pursuant to Section 1226(c) without an individualized determination hearing is constitutionally permissible during removal proceedings. Demore v. Kim, 538 U.S. 510, 531 (2003). Persaud's detention during the period prior to the pre-final order of removal thus did not violate due process.

The authority to detain aliens after the issuance of a final removal order shifts from INA § 236 to INA § 241(a), 8 U.S.C. § 1231(a). The United States Supreme Court modified the Attorney

General's authority to detain aliens under INA § 241 in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 699-700 (2001), which held that INA § 241(a), 8 U.S.C. § 1231(a) authorized detention of aliens, after entry of an administratively final order of deportation or removal, for a period reasonably necessary to accomplish the alien's removal from the United States. The Supreme Court decided that six months was a presumptively reasonable period of time to allow the government to accomplish an alien's removal. <u>Id.</u> at 701. In order to prevent "indefinite" detention, which would raise serious constitutional concerns, the Supreme Court held that after the presumptively reasonable six-month period has elapsed, an alien may seek his release by demonstrating that his removal is not significantly likely to occur in the reasonably foreseeable future. <u>Id.</u>

"The determination of when an alien becomes subject to detention under INA § 241 rather than INA § 236 is governed by INA § 241(a)(1)." <u>Wang v. Ashcroft</u>, 320 F.3d 130, 147 (2d Cir. 2003). The Second Circuit explained that

> [p]ursuant to § 241(a)(1)(B)(ii), "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien [pending review]," then the removal period begins on "the date of the court's final order." Accordingly, where a court issues a stay pending its review of an administrative removal order, the alien continues to be detained under [8 U.S.C.] § 236 until the court renders its decision.

320 F.3d at 147. Here, the Second Circuit rendered its decision dismissing Persaud's petition for review and vacating the stay on September 30, 2011. Thus, as of September 30, 2011, Persaud's

detention is governed by INA § 241(a), 8 U.S.C. § 1241(a). See id. ("Wang's . . . removal period commences at the moment we file this decision, which disposes of his [Convention Against Torture] claim and authorizes the mandate to issue to the District Court. See INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii) (stating that, where a removal order is subject to judicial review, the removal period commences on 'the date of the court's final order'). Accordingly, there can be no doubt that Wang is now subject to detention under § 241 and, . . . , his continued detention under § 241 does not violate the Due Process Clause [because his removal is "imminent"]. To the extent that Wang previously may have had a cognizable due process argument under § 236, that claim has been rendered moot.") (citations omitted).

Under INA § 241(a), the Attorney General is afforded a 90-day period to effect an alien's removal from the United States following the entry of a final order of deportation or removal. See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day removal period, the Attorney General is required to detain the alien. See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). For certain aliens, such as those who have been convicted of criminal offenses, the Attorney General may continue to detain an alien even after the expiration of the 90-day removal period. See INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

The 90-day period in Persaud's case commenced on September 30, 2011, the date the stay was vacated by the Second Circuit, and it will expire on December 29, 2011, beyond which the Attorney General has an additional six-month period to accomplish Persaud's removal. During those six months, his detention is "presumptively reasonable" under Zadvydas, 533 U.S. at 700-01.

Thus, Persaud's detention at the present time is mandatory because he is in the midst of the 90-day removal period. Furthermore, he has not demonstrated that there is no significant likelihood of his removal in the reasonably foreseeable future, see Zadvydas, 533 U.S. at 699-700. As Respondents point out, a travel document has been issued for Persaud's repatriation to Guyana, and there is no indication that the document will not be re-issued by the Embassy. As there are no institutional obstacles to Persaud's removal, it appears very likely to occur in the reasonably foreseeable future.

At this time, because Persaud's continued detention is neither indefinite nor potentially permanent, the Court concludes that his detention is not in violation of Persaud's constitutional right to due process.

**IV. Conclusion**

For the foregoing reasons, Naitram Persaud's Section 2241 habeas petition is denied without prejudice, with leave to re-file, should it subsequently appear that his removal is not significantly

likely to occur in the reasonably foreseeable future. Because Persaud has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:   November 3, 2011
         Rochester, New York